UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS JOSE MARTINEZ,
*individually and on behalf of all others similarly situated*,
         Plaintiff,

-v-

FINGER MANAGEMENT CORP., *et al.*,
         Defendants.

23-CV-5901 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Carlos Jose Martinez brings this action individually against Defendants Parkview Apartments LLC, John Volandes, and Peter Volandes, and as a putative class action as against Defendant Finger Management Corp. ("Finger"). Martinez alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law, N.Y. Lab. Law §§ 1, *et seq*. ("NYLL"). (ECF No. 36 ("FAC").) Before the Court is Finger's motion to dismiss in part pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 43.) For the reasons that follow, the motion is denied.

**I. Background**

  The Court assumes familiarity with the facts of this case, as set forth in the Complaint. These facts are assumed true of the purposes of the pending motion. On December 14, 2023, Finger filed a motion to dismiss the FAC's Third, Fourth, and Fifth Causes of Action in their entirety. (ECF No. 43.) Martinez filed his opposition on January 11, 2024 (ECF No. 49), and Finger filed a reply on January 26, 2024 (ECF No. 53).

II.     **Legal Standards**

    A.     **Rule 12(b)(1) Motion to Dismiss**

Rule 12(b)(1) requires a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff must allege facts establishing that subject matter jurisdiction exists. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). "In a motion to dismiss [for lack of subject matter jurisdiction] pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 259 F.3d 133, 140 (2d Cir. 2001).

While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citations omitted); *Ernst v. Gateway Plaza Mgmt. Corp.*, No. 11-CV-1169, 2012 WL 1438347, at *2 (S.D.N.Y. Mar. 14, 2012) ("In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings.").

    B.     **Rule 12(b)(6) Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

### III. Discussion

#### A. Fourth and Fifth Causes of Action

Finger moves to dismiss Martinez's Fourth and Fifth Causes of Action under sections 195(3) and 195(1) of the NYLL, respectively. The Fourth Cause of Action under § 195(3) seeks statutory damages for failure to provide Martinez with accurate wage statements at the end of every pay period, as required by state law. (FAC §§ 143-146.) The Fifth Cause of Action under § 195(1) seeks statutory damages for failure to provide Martinez with required wage notices. (*Id*. §§ 147-154.) Finger makes the by now "familiar" argument, *see Lipstein v. 20X Hospitality LLC*, No. 22-CV-4812, 2023 WL 6124048 at *8 (S.D.N.Y. Sept. 19, 2023) (collecting cases), that Martinez does not have standing under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), to bring these claims because Martinez has not suffered a concrete injury or harm. Finger argues that while the alleged failure to provide accurate wage statements and wage notices may be an injury in law, these "technical statutory violations" do not create an injury in fact. (ECF No. 44 at 6.)

The Court disagrees and determines that Martinez has adequately pleaded injury in fact to establish Article III standing. Martinez has plausibly alleged that he suffered monetary harm because Finger's failure to provide accurate wage notices and statements hurt his ability to assess whether he was being properly paid and therefore impaired his ability to promptly raise issues of

3

underpayment with Defendants. The inability to promptly contest the wage and hour deficiencies deprived Martinez of his income for longer that he would have been had he been able to raise his underpayment claim earlier. "This harm is a tangible downstream consequence of the failure to receive required information." *Lipstein*, 2023 WL 6124048 at *9 (citing *TransUnion*, 594 U.S. at 442). Martinez's pleadings here go beyond allegations of "nothing more than a statutory violation and request for damages." *Lipstein*, 2023 WL 6124048 at *11. Accordingly, the Court concludes that Martinez's plausible allegations of monetary harm based on the failure to provide accurate wage statements and notices establish standing to bring the Fourth and Fifth Causes of Action.

      B.      **Third Cause of Action**

Finger also moves to dismiss Martinez's Third Cause of Action, which alleges that Defendants failed to reimburse him for work-related expenses in violation of NYLL § 193. Defendants allegedly required Martinez and other building superintendents to spend their own money on work-related expenses, including tools of the trade to complete mandated work, without reimbursement. (FAC § 140.) Finger contends that Martinez has not pleaded facts sufficient to show that the alleged failure to reimburse reduced Martinez's pay below the statutory minimum wage. (ECF No. 44 at 9.) Although some additional mathematical calculations based on the facts alleged in the FAC are needed to support this claim, such basic arithmetic is not beyond the ability of the Court: Martinez has alleged that he was paid $600.00 per week (FAC § 115), which is less than the $638.00 minimum janitor rate required by 12 N.Y.C.R.R. 141-2.8(a)(1). Therefore, any reduction in pay from a failure to reimburse would have further diminished Martinez's pay below the required minimum wage. Accordingly, the Court determines that Martinez has adequately alleged a claim for failure to reimburse for work-related expenses.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss the First Amended Complaint in part (ECF No. 43) is DENIED.

Defendants' previously filed motion to dismiss the original complaint in part (ECF No. 27) is DENIED as moot in light of the filing of the First Amended Complaint.

The Clerk of Court is directed to close the motions at ECF Numbers 27 and 43.

SO ORDERED.

Dated: May 10, 2024
       New York, New York

                                                J. PAUL OETKEN
                                           United States District Judge