# **SETTLEMENT AGREEMENT AND LIMITED RELEASE**

This Settlement Agreement and Limited Release ("Agreement") is made by and between Carlos Jose Martinez ("Martinez") and Renard Boykin ("Boykin") (collectively "Plaintiffs") and Finger Management Corp. ("Finger") Parkview Apartments LLC ("Parkview") John Volandes, and Peter Volandes (collectively "Defendants") (each individually, "Party" and collectively, "Parties"):

1. **Definition of Parties**.

    a. "Martinez" shall refer to named Plaintiff Carlos Jose Martinez.

    b. "Boykin" shall refer to Opt-in Plaintiff Renard Boykin.

    c. "Plaintiffs" shall refer collectively to Martinez and Boykin.

    d. "Finger" shall refer to Finger Management Corp.

    e. "Parkview" shall refer to Parkview Apartments LLC.

    f. "Volandes Defendants" shall refer collectively to John Volandes and Peter Volandes.

    g. "Defendants" shall refer collectively to Finger, Parkview, and the Volandes Defendants.

    h. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiffs against Defendants on July 10, 2023, in the United States District Court, Southern District of New York, with Civil Action #: 23-CV-05901(JPO)(KHP).

    i. "Releasees" shall mean and include Finger, Parkview, the Volandes Defendants, each of their respective present and former directors, officers, shareholders, employees, principals, partners, agents, attorneys, insurers and all persons acting by, through, under, or in concert with any of them, and each and every one of their respective parents, subsidiaries, affiliated entities, predecessors, successors, and assigns.

2. **Consideration**. In consideration for Plaintiffs signing this Agreement and the release of all wage-related claims, as defined herein, Defendants agree to make the following payments totaling One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00) (the "Settlement Amount") within fourteen (14) days after the Court's approval of the Agreement, without any setoff and/or deductions except as provided for herein, as follows:

    a. Thirty-Two Thousand and 00/100 Dollars ($32,000.00), minus applicable taxes and withholdings required by law, which shall be based on published withholding tables using an annual payroll period, via a check from Parkview and the Volandes Defendants and made payable to Martinez. This amount will be reported to the Internal Revenue Service ("IRS") on the requisite W-2 form(s) as required by law.

b. Thirty-Two Thousand and 00/100 Dollars ($32,000.00), via a check from Finger made payable to Martinez. This amount will be reported to the IRS on the requisite 1099 form(s), on which Box 3 shall be selected/checked, which shall be provided to Martinez as required by law.

c. Forty-One Thousand Five Hundred Sixty-Two and 00/100 Dollars ($41,562.00), via a check from Finger made payable to Boykin. This amount will be reported to the IRS on the requisite 1099 form(s), on which Box 3 shall be selected/checked, which shall be provided to Boykin as required by law.

d. Fifty-Four Thousand Four Hundred Thirty-Eight and 00/100 Dollars ($54,438.00), via two checks made payable to Rapaport Law Firm, PLLC. This payment shall consist of: (1) Eight Thousand and 00/100 Dollars ($8,000.00) from Parkview and the Volandes Defendants; and (2) Forty-Six Thousand Four Hundred and Thirty-Eight and 00/100 Dollars ($46,438.00) from Finger. This amount is for attorneys' fees and costs and will be reported to the IRS on the requisite 1099 form(s) as required by law, which shall be provided to Rapaport Law Firm, PLLC.

e. The above payments to Martinez and Boykin are for both alleged lost wages and alleged non-wage-related damages, including liquidated damages, penalties, and prejudgment interest, and will be made by Defendants within fourteen (14) days of all of the following being completed: (a) Defendants' receipt of the Agreement signed by both Martinez and Boykin; (b) Defendants' receipt of a completed and signed W-9 form from Martinez, Boykin, and Rapaport Law Firm, PLLC; (c) Plaintiffs filing of a motion for approval of this Agreement, seeking approval of the settlement and dismissal of the Lawsuit with prejudice; (d) the Court's approval of the Agreement as fair and reasonable under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and (e) dismissal of the Action with prejudice, subject to the parties' request that the Court exercise continuing jurisdiction to enforce and interpret this Agreement, and/or the Court's issuance of an Order terminating the Action.

f. In the event of a non-monetary default (i.e., a default unrelated to Defendants' obligations to pay the Settlement Amount, if any Party believes that any portion of this Agreement has been violated, the non-breaching Party shall give written notice (including reasonable particulars) of such violation to the breaching Party and all other Parties. The breaching Party shall respond to such notice as soon as practicable but no later than thirty (30) days after receipt of written notice from the non-breaching Party. The Parties shall negotiate in good faith in an attempt to resolve any dispute relating thereto.

g. In the event of a default on the part of any of the Defendants ("Defaulting Defendants") to remit the Settlement Amount within the time period set forth herein, Plaintiffs' counsel may serve a written notice ("Notice of Default") via email upon counsel for the Defaulting Defendants, and the Defaulting Defendants shall have fifteen business days from receipt of same to cure the default by making such payment. In the event that the Defaulting Defendants do not cure their default within said fifteen-day period, Plaintiffs shall be entitled to enter Judgment against the

Defaulting Defendants for the entire remaining amount due and owing plus the sum of $5,000, plus interest to commence as of the date of Default at a rate of 10% per annum on the balance due, for which the Defaulting Defendants shall be jointly and severally responsible. The Court shall retain jurisdiction for the purposes of enforcing this Agreement, including the issuance of a judgment in the event of a default in payment by Defendants. The foregoing is without prejudice to any other enforcement procedures, mechanisms and/or proceedings otherwise available to Plaintiffs to enforce the Agreement against the Defaulting Defendants.

3.  **Release of Wage-Related Claims by Martinez and Boykin.** Upon the Court approving the Agreement as fair and reasonable under the FLSA, both Plaintiff Martinez and Plaintiff Boykin, on their own behalf, and on behalf of their own current, former and future heirs, executors, administrators, agents, and attorneys, fully release and discharge Releasees from wage-related actions, causes of action, suits, complaints, claims, obligations, claims for attorneys' fees, interest, expenses and costs, contracts, liabilities, debts, agreements, promises, damages, rights, and demands, whether known or unknown, suspected or unsuspected, and whether in law or in equity, for any wage-related matter, cause, or thing whatsoever, from the beginning of the world to the date of the Court's final approval of this Agreement, including, without limitation, all wage-related matters, claims, causes, or wage-related things concerning Plaintiffs' respective affiliation or employment with Defendants, inclusive, but not limited to, any and all federal wage and hour claims, the payment of wages, overtime, and minimum wage that may have occurred arising from or relating to their employment or engagement with Defendants under federal wage and hour laws, including, the FLSA, 29 U.S.C. §§ 201 *et seq.*, New York State wage and hour claims including, but not limited to, claims under the New York Labor Law, the New York Wage Theft Prevention Act, the New York Minimum Wage Act, and all other applicable wage-related state and local laws and regulations, including but not limited to those related to the payment of wages, overtime, minimum wage, uniform maintenance pay or reimbursement for the cost of uniforms, reimbursement for workplace expenses, deductions from wages, and spread of hours pay, call-in pay, and including claims under the Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. Part 142, and the Minimum Wage Order for the Building Service Industry, 12 N.Y.C.R.R. Part 141, any wage-related contract (express or implied), any wage-related claim for equitable relief or recovery of punitive, compensatory, or other damages or monies. This limited release includes all wage-related claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs. Plaintiffs agree that they shall not institute, nor accept any other relief from, any other wage-related suit, class or collective action, administrative claim or other wage-related claim of any sort or nature whatsoever against Defendants. The parties understand that this is a limited release of wage-related claims. The Parties understand that this Agreement does not release any claim that this Agreement has been breached.

4.  **Court Approval.** In accordance with the Court's Order of December 5, 2024 [ECF No. 80], Plaintiffs' Counsel shall file a motion seeking approval of the Agreement as fair and reasonable under the FLSA and NYLL ("Approval Motion") by December 20, 2024, or such other date as the Court may direct. The Approval Motion shall be drafted by Plaintiffs' Counsel, but subject to review, comment, and approval by counsel for Defendants. The Parties shall cooperate in good faith to resolve the concerns raised by the Court. If after such efforts, the Court's does not approve the Agreement, the Action will resume as if no settlement had been attempted, and this Agreement shall be null and void and shall not be used for any purpose.

5. **Plaintiffs' Rights**. Nothing in this Agreement prevents or prohibits Plaintiffs from (i) filing a charge, testifying, assisting, complying with a subpoena from, or participating in any manner in an investigation, hearing or proceeding; responding to any inquiry; or otherwise communicating with a criminal or civil law enforcement agency or any administrative or regulatory (including any self-regulatory) agency or authority, including, but not limited to, the Securities and Exchange Commission ("SEC"), the Occupational Safety and Health Administration ("OSHA"), the Department of Justice ("DOJ"), the U.S. Congress, any agency Inspector General, the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB"), the New York State Department of Labor ("NYSDOL"), the New York State Division of Human Rights ("NYSDHR"), the New York City Commission on Human Rights ("NYCCHR"), or any other state or local commission on human rights or agency enforcing anti-discrimination laws, or (ii) speaking with an attorney retained by Plaintiffs. Plaintiffs understand that nothing in this Agreement shall require notification or prior approval by Defendants of any communications described above. Nothing in this Agreement shall affect any right Plaintiffs may have to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, or to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or from refraining from any or all such activities. To be clear, individuals covered by the National Labor Relations Act are permitted to discuss the terms and conditions of employment with co-workers, the media, or others for mutual aid or protection. Pursuant to the Defend Trade Secrets Act of 2016, an individual may not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made in a complaint or other document that is filed under seal in a lawsuit or other proceeding. Further, an individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the employer's trade secrets to the attorney and use the trade secret information in the court proceeding if the individual: (a) files any document containing the trade secret under seal; and (b) does not disclose the trade secret, except pursuant to court order.

6. **Acknowledgments and Affirmations**. Plaintiffs affirm that in the Action they have asserted claims seeking unpaid wages or overtime pay under the FLSA, NYLL, and/or any other law, regulation or basis and affirm that there is a bona fide dispute as to such FLSA and NYLL claims which are being settled and released by this Agreement. Plaintiffs believe that this settlement is fair and reasonable and authorize their attorneys to seek from the Court approval of the settlement as fair and reasonable under the FLSA and NYLL, and dismissal of the Action with prejudice. Plaintiffs further understand, acknowledge, and accept that this Agreement includes a Limited Release of all claims relating to payment of wages, whether known or unknown, suspected or unsuspected, and whether in law or in equity. All Parties hereby acknowledge that they fully and completely understand and accept the terms of this Agreement, and that they each have the legal capacity to enter into this Agreement. All Parties acknowledge and represent that they have consulted with counsel for the purpose of this Agreement and they have been fully and fairly represented by counsel in this matter. Counsel for Plaintiffs shall provide counsel for Defendants with a Stipulation of Dismissal signed by Plaintiffs' counsel in the form attached hereto as Exhibit A, which shall be held in escrow pending the Court's approval of this Agreement.

7. **Taxes**. Plaintiff's counsel and Defendants' counsel do not intend for this Agreement to constitute legal advice regarding the tax consequences of the payments made under this Agreement. Plaintiffs acknowledge and agree that except as otherwise provided for in this Agreement, Plaintiffs are solely responsible for all taxes, interest, and penalties due with respect to any payment received pursuant to this Agreement (other than the portion of employer taxes) and shall indemnify, defend, and hold Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees and other costs imposed on Defendants as a result of Plaintiffs' Counsel's or Plaintiff's failure to timely pay such taxes that were not employer obligations.

8. **Notices.** Notices required under this Agreement shall be by email, and shall be deemed given upon electronic transmission thereof. Notice hereunder shall be delivered, by email, to:

To Plaintiffs:

    Marc A. Rapaport, Esq.
    Rapaport Law Firm, PLLC
    80 Eighth Avenue, Suite 206
    New York, New York 10011
    Email: mrapaport@rapaportlaw.com
    and kgulfo@rapaportlaw.com

    **and**

    Meredith Miller, Esq.
    Miller Law, PLLC
    167 Madison Avenue, Suite 503
    New York, New York 10016
    Email: meredith@millerlaw.nyc

To Defendants:

    John J. Malley, Esq.
    Smith Buss & Jacobs, LLP
    733 Yonkers Avenue, Suite 200
    Yonkers, New York 10704
    Email: jmalley@sbjlaw.com

    **and**

    Jeffrey H. Ruzal, Esq.
    Christopher Coyne, Esq.
    Epstein Becker Green
    875 Third Avenue
    New York, New York 10022
    Email: JRuzal@ebglaw.com
    Email: CCoyne@ebglaw.com

9. **Governing Law**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.

10. **Severability**. The provisions, sections and paragraphs, and the specific terms set forth in this Agreement are severable. Subject to the Court's approval of this Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015), if any provision, section or paragraph, or specific term contained in this Agreement or the application thereof is determined by a court to be illegal, invalid or unenforceable, that provision, section, paragraph or term shall not be a part of this Agreement, and the legality, validity and enforceability of the remaining provisions, sections and paragraphs, and all other terms of this Agreement shall not be affected thereby.

11. **Amendment**. This Agreement may not be modified, altered or changed without the express written consent of all parties wherein specific reference is made to this Agreement.

12. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action, without limitation to other judicial and/or other procedures that may be available to the Parties in any court of competent jurisdiction.

13. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by any party of any liability or unlawful conduct of any kind.

14. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiffs' consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

15. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

16. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

17. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

18. **Competency**. All Parties are competent to execute this Agreement.

**[SPACE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE TO FOLLOW]**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**CARLOS JOSE MARTINEZ**

By:_____

Date:_____

**PLAINTIFF:**

**RENARD BOYKIN**

By: */s/ Renard Boykin*

Date: 12-24-24

**DEFENDANT:**

**FINGER MANAGEMENT CORP:**

By: */s/ Ron J. Finger*

Print Name: Ron J. Finger

Title: President

Date: 12/30/2024

**DEFENDANT:**

**PARKVIEW APARTMENTS LLC**

By:_____

Print Name _____

Title _____

Date:_____

**DEFENDANT:**

**JOHN VOLANDES**

By:_____

Date:_____

**DEFENDANT:**

**PETER VOLANDES**

By:_____

Date:_____

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**CARLOS JOSE MARTINEZ**

By: *Carlos Martinez*

Date: 12-27-24

**PLAINTIFF:**

**RENARD BOYKIN**

By: _____

Date: _____

**DEFENDANT:**

**FINGER MANAGEMENT CORP:**

By: *[signature]*

Print Name: Ron J. Finger

Title: President

Date: 12/30/2024

**DEFENDANT:**

**PARKVIEW APARTMENTS LLC**

By: _____

Print Name _____

Title _____

Date: _____

**DEFENDANT:**

**JOHN VOLANDES**

By: _____

Date: _____

**DEFENDANT:**

**PETER VOLANDES**

By: _____

Date: _____

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**CARLOS JOSE MARTINEZ**

By: _____

Date: _____

**PLAINTIFF:**

**RENARD BOYKIN**

By: _/s/ Renard Boykin_

Date: _12-24-24_

**DEFENDANT:**

**FINGER MANAGEMENT CORP:**

By: _/s/_

Print Name: _Ron J. Finger_

Title: _President_

Date: _12/30/2024_

**DEFENDANT:**

**PARKVIEW APARTMENTS LLC**

By: _/s/_

Print Name: _Peter J. Volandes_

Title: _Managing Member_

Date: _12-31-24_

**DEFENDANT:**

**~~JOHN~~ VOLANDES**

By: _/s/ Volandes_

Date: _12-31-24_

**DEFENDANT:**

**PETER VOLANDES**

By: _/s/_

Date: _12-31-24_